

In The

## Court of Appeals
## Seventh District of Texas at Amarillo

_____

No. 07-15-00285-CR
_____

JIMMY ZAVALA, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 137th District Court
Lubbock County, Texas
Trial Court No. 2012-433,926; Honorable John J. "Trey" McClendon III, Presiding

August 3, 2015

## MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

In 2012, Appellant, Jimmy Zavala, was convicted of evading arrest or detention with a vehicle, a state jail felony,[1] in cause number 2012-433,926. He was sentenced to two years confinement, suspended in favor of community supervision for three years.

---

[1] TEX. PENAL CODE ANN. § 38.04 (West Supp. 2014).

On April 28, 2015, the trial court entered a judgment revoking Appellant's community supervision and assessing the original sentence of two years confinement. The trial court entered a Certification of Defendant's Right of Appeal indicating Appellant has a right of appeal, and counsel was appointed to represent him on appeal. No motion for new trial was filed. On July 6, 2015, Appellant filed a notice of appeal. We dismiss the purported appeal for want of jurisdiction.

The timely filing of a written notice of appeal is a jurisdictional prerequisite to hearing an appeal. *Castillo v. State*, 369 S.W.3d 196, 198 (Tex. Crim. App. 2012). If a notice of appeal is not timely filed, a court of appeals has no option but to dismiss the appeal for want of jurisdiction. *Id.* When, as here, a motion for new trial was not filed, the notice of appeal was required to be filed within thirty days after the day Appellant's sentence was imposed. TEX. R. APP. P. 26.2(a)(1). The deadline could have been extended if, within fifteen days of the deadline, Appellant had filed the notice with the trial court clerk and had also filed a motion for extension of time in compliance with Rule 10.5(b) of the Texas Rules of Appellate Procedure in this court. *See* TEX. R. APP. P. 26.3. This court has no authority to invoke Rule 2 of the Texas Rules of Appellate Procedure to enlarge the time in which to file a notice of appeal. TEX. R. APP. P. 2; *Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998).

The judgment in this appeal reflects that Appellant's sentence was imposed on April 28, 2015. The notice of appeal was, therefore, due by May 28, 2015. Even applying the fifteen-day extension period under Rule 26.3, the last possible date to file the notice with a motion for extension of time was June 12, 2015. Thus, Appellant's notice of appeal filed on July 6, 2015, falls outside that deadline. Appellant's untimely

filed notice of appeal prevents this court from acquiring jurisdiction over this appeal.[2]

Consequently, the appeal is dismissed for want of jurisdiction.

Per Curiam

Do not publish.

---

[2] Appellant may be entitled to relief by filing a post-conviction writ of habeas corpus returnable to the Texas Court of Criminal Appeals for consideration of an out-of-time appeal. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07 (West Supp. 2013).